Hon. Paul S. Hudson Counsel New York State Crime Victims Board
You have asked whether the spouse, parents or children of a physically injured victim are eligible to be reimbursed for the costs of counseling for traumatic shock. Second, you ask whether a physical injury must be sustained by a crime victim in order for the Crime Victims Board to pay for counseling services for the victim.
Section 626 of the Executive Law defines in part the expenses for which an award can be made to a crime victim or to certain of his relatives and dependents. It defines "out-of-pocket loss" as:
 "unreimbursed and unreimbursable expenses or indebtedness reasonably incurred for medical care or other services necessary as a result of the injury upon which such claim is based. Such expenses or indebtedness shall include the cost of counseling for the eligible spouse, parents or children of a homicide victim, the victim of a sex offense as defined in article one hundred thirty of the penal law and crime victims suffering from traumatic shock."
Section 626, by its express terms, authorizes, as part of an award, reimbursement for the costs of counseling for the spouse, parents or children of a homicide victim. It does not authorize reimbursement for the costs of counseling for these family members if the victim is only injured. This construction is reinforced by the definition in section624 of the Executive Law of persons eligible for awards. Included are the surviving spouse, parents or children of a victim of a crime who died as as direct result of such crime (id., § 624[b]). This section does not authorize an award to these family members if the victim is only injured.
Your second question is whether a personal physical injury must be sustained by a crime victim in order for the Crime Victim's Board to pay for the costs of counseling the victim. Section 626 includes as an out-of-pocket loss the costs of counseling for the victim of a sex offense and for crime victims suffering from traumatic shock. "Victim" is defined as "a person who suffers personal physical injury as a direct result of a crime" (id., § 621[5]). Persons eligible for an award are victims, certain relatives and dependents of a victim and persons paying for the burial expenses of a victim (id., § 624). Further, section631(1) of the Executive Law provides that no award may be made unless there is a finding that (a) a crime was committed, (b) such crime directly resulted in personal injury to or the death of the victim; and (c) police records show that the crime was promptly reported to the proper authorities. Thus, it seems clear that section 626, in permitting reimbursement for the costs of counseling for certain victims
incorporates the definition of "victim" in section 621(5), which means a person who suffers personal physical injury as a direct result of the crime. The language authorizing the reimbursement of the costs of counseling for victims was added by chapter 688 of the Laws of 1985. The bill jacket indicates no intent to expand the definition of "victim" beyond that provided by section 621(5) of the Executive Law.
We conclude that only the spouse, parents or children of a homicide victim are eligible to be reimbursed for the costs of counseling for traumatic shock. Only a crime victim who has suffered personal physical injury is eligible to be reimbursed for the costs of counseling services.